■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYLIE RUTLEDGE, Appellant

In this prosecution for the knifepoint robbery and assault of a woman in the elevator of the building where she worked, it was reversible error for the prosecutor in summation to tell the jury that as "sophisticated New Yorkers, you know there's an appeal process * * * to safeguard that defendant's rights * * * So a verdict of guilty is not final and you need not agonize in this case there is nothing to agonize over". This statement was interrupted twice by defense objections which were overruled by the court.

The People concede that the trial prosecutor's comment was improper because it could diminish the jury's "sense of obligation in the performance of their duties" (People v Johnson, 284 NY 182, 188; People v Esposito, 224 NY 370) and acknowledge that such comment was simply not accurate. Nevertheless, they contend that the defense's general objection was insufficient to preserve defendant's claim as a matter of law and that such error should be considered harmless because it was cured by the court's later charge which impressed upon the jury the seriousness of its responsibilities. Further, the People point out that the jury took its responsibilities seriously as reflected by the fact that the jury deliberated over two days before reaching its verdict.

However, the trial court's overruling of defense counsel's two objections to this improper line of comment had the effect of giving such comment the court's imprimatur, thereby greatly enhancing the possibility of prejudice to defendant (see, e.g., People v Ashwal, 39 NY2d 105, 111).

As put so well by Judge Sears in People v Johnson (supra, at 187-188):

"The vice of the statements and questions of the District Attorney lies not primarily in the incorrectness of the statement that an appeal to the Court of Appeals is compulsory but in the suggestion that the jury's verdict, if against the defendant, cannot be seriously harmful to him because of the opportunities for review. This suggestion is fundamentally unsound and vitiates the trial. No element of our judicial process must be more carefully protected than the function of the jury. The jury has nothing to do with appeals and applications for clemency. They lie in a wholly different field. The jurors have task enough to find the truth and proclaim it by their determination without regard to ultimate consequences. Nothing can be permitted to weaken the jurors' sense of

obligation in the performance of their duties. (Cf. *People* v. *Sherwood,* 271 N. Y. 427; *People* v. *Santini,* 221 App. Div. 139; affd., 246 N. Y. 612.)

"It is unnecessary in view of the fundamental error already pointed out to consider other serious matters urged upon us as grounds for reversal." Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.